UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADRIEN LOGISTICS LLC *and*
PROGRESSIVE PREFERRED INS. CO.,

       *Plaintiffs*,

  v.

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO POLICY
NUMBER Z178311-007NTL,

       *Defendant*.

**ORDER**

22-cv-3002 (ER)

---

RAMOS, D.J.

  This insurance case was removed from New York state court on April 12, 2022. Doc. 1. On April 15, 2022, Defendant answered and counterclaimed against Adrien Logistics LLC ("Adrien") (Doc. 4), and Adrien answered the counterclaim on May 24, 2022 (Doc. 10). Defendant also filed a third-party complaint against Knight Refrigerated Transport, LLC ("Knight") (Doc. 6), which Progressive Preferred Insurance Company ("Progressive"), Knight's insurer, successfully moved to dismiss as an intervenor-plaintiff (Docs. 21, 32). At subsequent case management conferences, Progressive stated its intention to withdraw as a co-plaintiff, and Adrien's counsel, Thomas D. Flinn, sought to withdraw as counsel. The Court granted Flinn's request to withdraw on April 19, 2023 and "directed [Adrien] to retain new counsel by no later than May 19, 2023," noting that its failure to do so "may result in adverse action, including dismissal of this case for failure to prosecute." Doc. 36.

  By July 14, 2023, no counsel had entered a notice of appearance for Adrien, and the Court ordered Adrien to appear at a telephonic conference on August 3, 2023 "so that it may show cause why the Court should not dismiss this case pursuant to Federal Rule of Civil

Procedure 41 for failure to prosecute." Doc. 38. Adrien failed to appear at the August 3, 2023 conference, has not had counsel enter an appearance, nor had any other communication with the Court. For the reasons set forth below, the Court now dismisses Adrien's claims for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**I.     Standard**

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted).

**II.    Discussion**

In the instant case, each *LeSane* factor weighs in favor of dismissal. *First*, apart from its counsel's motion to withdraw, Plaintiff has not communicated with the Court since Flinn, on Adrien's behalf, attended the June 22, 2022 premotion conference at which Progressive sought to move to dismiss the third-party complaint. Thus, Plaintiff has not taken meaningful action to prosecute this case in over a year. "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v. City of New York*, No. 16-cv-7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation and internal quotation marks omitted).

*Second*, Plaintiff was given clear notice that failure to respond to Court orders could result in dismissal.  The Court specifically warned Plaintiff that its failure to retain counsel by May 19, 2023 "may result in adverse action, including dismissal of this case for failure to prosecute."  Doc. 36.  And the Court again noted the risk of dismissal for failure to prosecute when it ordered Adrien to show cause at the August 3, 2023 conference.  Doc. 38.  Nonetheless, Adrien failed to appear or otherwise show cause why its claims should not be dismissed.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210.  Because Adrien has failed to advance its case for approximately one year, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Adrien has not taken advantage of its "right to due process and a fair chance to be heard."  *LeSane*, 239 F.3d at 209.  "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. City of New York*, No. 16-cv-3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (citation omitted).

*Fifth*, because Plaintiff has ignored a Court order, failed to appear at a conference, and delayed this case for several months, there are no weaker sanctions that could remedy its failure to prosecute this case.  Dismissal is appropriate where, as here, a plaintiff "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17-cv-1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *see also McNair v. Ponte*, No. 17-cv-2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses Adrien's claims with prejudice.  But Defendant has indicated, both by letter (Doc. 40) and at the August 3, 2023 conference, that it intends to

proceed with its declaratory judgment counterclaim expeditiously, and the Court therefore declines to close the case in its entirety to permit Defendant to pursue the counterclaim.

It is SO ORDERED.

Dated: August 3, 2023
      New York, New York

_____
Edgardo Ramos, U.S.D.J.